**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 14 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

MALCOLM F. DUVALL and
ELEANOR J. DUVALL,

      Plaintiffs - Appellants,

v.

UNITED STATES OF AMERICA,

      Defendant - Appellee.

No. 98-4019

(D.C. No. 97-CV-02-S)

(D. Utah)

---

**ORDER AND JUDGMENT**[*]

---

Before **ANDERSON**, **McKAY**, and **LUCERO**, Circuit Judges.

---

After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Plaintiffs-Appellants seek reversal of an order of the district court dismissing their Federal Tort Claims Act suit against the United States. Plaintiffs filed suit in the district court alleging the government committed negligent and

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

wrongful acts which caused them psychological, financial, and professional harm. Defendant filed a motion to dismiss which alleged that Plaintiffs failed to establish jurisdiction and that they failed to state a claim upon which relief may be granted. The district court, adopting the recommendation of the magistrate judge, accepted both of Defendant's arguments supporting dismissal of the case pursuant to Federal Rule of Civil Procedure 12(b). The district court determined that Plaintiffs' claims fell under the exceptions to the waiver of sovereign immunity provided by the Federal Tort Claims Act [FTCA] and that they were also barred by the applicable statute of limitations.

We review *de novo* a district court's decision to dismiss a cause of action for failure to state a claim upon which relief can be granted. See Chemical Weapons Working Group, Inc. v. United States Dep't of the Army, 111 F.3d 1485, 1490 (10th Cir. 1997). The federal courts generally do not have jurisdiction over claims where the United States is a defendant because the United States is entitled to sovereign immunity from suit. The FTCA waives the United States' sovereign immunity from suit in certain circumstances. See 28 U.S.C. § 2674. However, the FTCA includes exceptions to this waiver, establishing circumstances under which sovereign immunity is not waived. See 28 U.S.C. § 2680(h). Section 2680(h) excepts from the waiver of sovereign immunity "[a]ny claim arising out of . . . misrepresentation, deceit, or interference with contract

rights." Id. We agree with the district court that Plaintiffs assert claims arising from an alleged breach of contract and negligent misrepresentations made by government employees. We hold their complaint was properly dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1).

Because we hold that Plaintiffs' claim was properly dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1), we do not address the district court's determination that Plaintiffs' claims were barred by the applicable statute of limitations.

AFFIRMED.

Entered for the Court


Monroe G. McKay
Circuit Judge